COOPER (UNITED STATES v.). See Cases Nos. 14,861–14,865.

COOPER (WEBSTER v.). See Case No. 17,333.

COOPER, The HELEN R. See Cases Nos. 6,333–6,335.

COOSA, The (CONNER v.). See Case No. 3,113.

## Case No. 3,203.

COOTE et al. v. BANK OF THE UNITED STATES.

[3 Cranch, C. C. 50.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

PAYMENT OF PARTNERSHIP FUNDS ON INDIVIDUAL CHECK — EVIDENCE — PRODUCTION OF BOOKS — INTERESTED WITNESS.

1. Money deposited in a bank in the name of a firm, cannot be drawn out by the individual check of one of the firm in his own name only, and if the bank pay such a check out of the joint

[1] [Reported by Hon. William Cranch. Chief Judge.]

funds, it can only justify itself by showing that the money thus drawn was applied to the use of the firm.

2. If the defendant call for the books of the plaintiff, and, upon their being produced, inspect them, the plaintiff may read them in evidence.

3. It is no excuse for the bank in paying out the joint funds upon the individual check, that the individual partner, who drew the check, told the bank-officer that it was drawn on the joint account, and drawn in his individual name by mistake, and directed him to pay it and any others of the like kind which he might draw, out of the joint funds.

4. The partner thus drawing, and who is one of the plaintiffs, is not a competent witness for the defendants.

Action for money had and received by the defendants for the use of the plaintiffs, who were joint partners under the name of Clement T. Coote & Co.

The bank had paid out the funds of the firm upon the individual check of C. T. Coote, who had an account open in the bank in his own name, but had no funds.

The firm also had an account and funds to their credit in the defendants' bank.

Mr. Jones, for the plaintiffs, offered evidence to prove that the money was thus drawn out by Mr. Coote, for his individual use, and not for partnership purposes.

Mr. Key, for the defendants, objected; and contended that every partner has a right to draw out the funds of the firm in his own name; and that it is immaterial to the bank to what purpose he applies them.

THE COURT, (THRUSTON, Circuit Judge, absent,) admitted the evidence; and CRANCH, Circuit Judge, said the bank could only justify themselves in paying out the joint funds on the individual check, by showing that the funds, thus drawn, were applied to the use of the firm.

Mr. Jones offered to read in evidence for the plaintiffs the books of the plaintiffs, which had been called for and inspected by the defendants.

Mr. Key, for the defendants, objected; but, on recurring to Phillips's Law of Evidence, p. 338, &c., he waived his objection. The ledger only had been inspected by the defendants' counsel, and that only was read by the plaintiffs' counsel. The other books called for by the defendants and produced by the plaintiffs, but not inspected by the defendants, were not read. Mr. Jones cited Kenny v. Clarkson, 1 Johns. 385.

Mr. Key, for the defendants, prayed the court to instruct the jury, in effect, that if they should believe from the evidence that C. T. Coote had no funds in the bank when he drew the check, and that he informed the bank-officer that he drew the check and might thereafter draw others, on account of the partnership, in his own name, and directed him to pay the same out of the funds standing in the bank to the credit of the company as in such cases he should draw them on the partnership account, then the plaintiffs are not entitled to recover, unless they can satisfy the jury that the said Coote did draw the said check on his own account, and that the defendants or their officers knew or had sufficient cause to know that he so drew it.

But THE COURT refused to give the instruction, because the check, on its face purports to be for the private concern, and the bank is, prima facie, to be presumed to have had notice that it was for his private use; which presumption is not rebutted by the fact that Mr. Coote told the officer that he might thereafter draw checks in his own name which would be on joint concern; for the jury were, by the prayer, still left to infer, or not, that the check was for a joint purpose; or that the bank, at the time of paying the check, believed it was for the joint concern; and unless the jury should infer one or the other, the presumption would remain that the bank, at the time of paying the check, had notice that it was drawn for the individual use of Mr. Coote.

The defendants' counsel then offered to examine Mr. Coote himself, one of the plaintiffs, as a witness. The partnership was dissolved and all the funds transferred to Mr. Jones; mutual releases given of all demands, containing a covenant on the part of Mr. Coote to indemnify Mr. Jones from "all debts, sums of money, and agreements" entered into by Coote on his own account, for which the firm might, in any manner, stand pledged.

THE COURT, however, rejected him as a witness because, if he sustained the issue on the part of the defendants, he relieved himself from their action against him, for the amount of his individual checks, which had been by the defendants charged to the joint account; while he is protected by the release, from the action of Jones.

At May term, 1827, there was a verdict for the plaintiffs, $500. Bills of exception were taken, but no writ of error.

[NOTE. The defendant moved for a new trial, and the motion was denied. Case No. 3,204.]